F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**OCT 12 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VERNON JOSEPH TURLEY,

    Petitioner-Appellant,

v.

GARY WATKINS; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

    Respondents-Appellees.

No. 04-1111
(District of Colorado)
(D.C. No. 00-N-2519 (BNB))

**ORDER**

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Proceeding *pro se*, Vernon Joseph Turley seeks a certificate of appealability ("COA") so he can appeal the district court's dismissal of the habeas petition he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA).

After two separate jury trials, Turley was convicted, *inter alia*, of three counts of first-degree sexual assault, three counts of second-degree kidnapping, and one count of robbery. The Colorado Court of Appeals affirmed all of

Turley's convictions in unpublished opinions. On May 13, 1994, Turley filed a motion in Colorado state court pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure seeking post-conviction relief. Shortly thereafter, counsel was appointed to represent Turley in his state post-conviction proceedings. The state trial court granted counsel's motion to withdraw on December 16, 1998 and new counsel was appointed.

On December 20, 2000, Turley filed a *pro se* § 2254 habeas corpus petition in the United States District Court for the District of Colorado. Deficiencies in the petition were corrected by Turley on March 21, 2001. In his petition, Turley alleged that he received ineffective assistance of counsel during pretrial proceedings, at trial, and at the sentencing hearing. He also alleged that his appellate attorney and the attorney who represented him in his state post-conviction proceedings were both ineffective. At the time Turley filed his § 2254 petition, his state post-conviction proceedings were still pending in Colorado state court.

In response to an order to show cause entered by the federal district court, Respondents argued that Turley's § 2254 petition should be dismissed because he failed to exhaust his state remedies. Specifically, Respondents alleged that resolution of the three claims raised in Turley's § 2254 petition was still pending in Colorado state court. The matter was referred to a United States magistrate

judge who prepared a comprehensive report and recommendation which recommended dismissing Turley's habeas petition because Turley failed to exhaust his state remedies. Acknowledging that Turley's state post-conviction motion was filed in 1994 and further noting that Turley's appeal from the denial of post-conviction relief had been pending in the Colorado Court of Appeals since November 6, 2002, the magistrate judge nevertheless concluded that Turley and his counsel were responsible for the delay in adjudicating Turley's state post-conviction motion. The district court adopted the magistrate judge's recommendation, and refused to excuse the exhaustion requirement. The court consequently dismissed Turley's § 2254 petition without prejudice.

To be entitled to a COA, Turley must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). Our review of the record demonstrates that the district court's dismissal of Turley's § 2254 petition is not deserving of further proceedings or subject to a different resolution on appeal.

-3-

Accordingly, we **deny** Turley's request for a COA, **deny** his motion to proceed *in forma pauperis* on appeal, and **dismiss** this appeal.

Entered for the Court
PATRICK FISHER, Clerk of Court


By:
Deputy Clerk